**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PULSELINK SYSTEMS, LLC,<br><br>*Plaintiff*,<br>v.<br>ZOOM COMMUNICATIONS, INC.,<br><br>*Defendant*. | Civil Action No. 2:26-CV-00343-JRG-RSP |

**JOINT MOTION FOR LEAVE TO CONDUCT VENUE DISCOVERY AND EXTEND BRIEFING DEADLINES**

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff PulseLink Systems, LLC ("PulseLink") and Defendant Zoom Communications, Inc. ("Zoom") hereby jointly move for leave to conduct limited, expedited venue discovery in this matter. The parties have agreed to the scope of discovery outlined herein.

On July 21, 2026, Zoom filed a Motion to Dismiss or, in the Alternative, Transfer Venue to the Northern District of California (Dkt. No. 30) (the "Motion"), supported by three substantive declarations and twenty-eight exhibits. PulseLink opposes the Motion. The proposed discovery is narrowly focused to resolve the parties' disputes as to venue and the Motion. Good cause exists for this motion, which is not being brought for any improper purpose, such as to cause unnecessary delay. *See, e.g.*, *Uniloc 2017 LLC v. Riot Games, Inc.*, No. 2:19-cv-00223-JRG, 2020 WL 1158611, at *3 (E.D. Tex. Mar. 10, 2020) ("The Court's discretion—and the liberal thrust of the Rules of Civil Procedure—extends to venue discovery."); *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *2 (E.D. Tex. July 21, 2017) (granting motion for expedited venue discovery).

After meeting and conferring, the parties jointly agree to the following scope of venue discovery and briefing schedule related to Zoom's Motion:

1. Venue-related discovery shall be limited to the venue and transfer topics, including the issues raised in Zoom's Motion to Dismiss or Transfer and accompanying declarations and exhibits.

2. Any venue-related discovery propounded by PulseLink shall be completed within seventy (70) days of the issuance of an Order permitting venue-related discovery.

3. Within seven (7) days of the issuance of an Order permitting venue-related discovery, PulseLink shall serve all venue-related interrogatories and document requests. PulseLink may serve up to six (6) interrogatories and six (6) requests for production.

4. Zoom shall respond to PulseLink's discovery requests and produce responsive documents within fourteen (14) days of service of the requests. Zoom agrees to make a deponent available within twenty-one (21) days of any request by PulseLink.

5. PulseLink may take up to fourteen (14) hours of depositions, including under Rule 30(b)(1), 30(b)(6) and/or 45. Subject to that cap, PulseLink may notice the individual depositions of the declarants Zoom relied on for its motion to dismiss (i.e., Josh Elmore, Hubert Hu, and Kristen Marie Robins) and may serve up to three (3) other deposition notices or subpoenas, no more than one (1) of which may be a Rule 30(b)(6) deposition notice to Zoom, and which may include subpoenas to

third-party witnesses concerning venue discovery (a notice and any accompanying subpoena for the same deposition will count as one). The examination of a witness in both an individual and a 30(b)(6) capacity will proceed as a single deposition, and any third-party depositions will proceed in accordance with Federal Rule of Civil Procedure 45.

6. For the avoidance of doubt, the discovery requests must be narrowly tailored to concern venue-related issues and may not solely concern merits-related issues, such as infringement (i.e., the functionality of the accused products), validity, or damages. Venue-related discovery shall not include email or other electronic correspondence.

7. The foregoing venue-related discovery shall not count toward the discovery limits set forth in the Court's forthcoming Discovery Order for this case, nor shall venue-related discovery affect the timing of non-venue-related discovery.

8. Until the Court enters a Protective Order in this case, any confidential venue-related discovery produced may be designated as "Confidential – Outside Attorneys' Eyes Only," such that disclosure of such discovery shall be limited to the receiving party's outside attorneys of record and the employees of the receiving party's outside attorneys of record.

9. Nothing in this Order shall be deemed a waiver of any party's objections.

10. PulseLink's response to Zoom's Motion to Dismiss or Transfer shall be filed within fourteen (14) days after the close of its venue discovery. If at any point PulseLink

submits declarations in support of its response, Zoom shall have up to twenty-one (21) days thereafter to conduct a two-hour deposition of each declarant upon which PulseLink relies. Zoom shall file its reply within fourteen (14) days of completion of the foregoing venue discovery. If Zoom elects not to conduct venue discovery, Zoom's reply in support of its Motion shall be filed within fourteen (14) days of the service of PulseLink's response. PulseLink's surreply shall be filed within fourteen (14) days of the service of Zoom's reply.

11. Any motion to compel brought by PulseLink shall be filed within seven (7) days of the close of PulseLink's 70-day venue discovery period, which commences after the venue discovery Order is entered. Any motion to compel brought by Zoom shall be filed within seven (7) days of the close of Zoom's 21-day venue discovery period, which commences after PulseLink files a response that relies on any declarations. The filing of a motion to compel shall not stay any of the briefing deadlines, absent agreement. However, should a party prevail on a motion to compel, that party shall be permitted to file a supplemental brief of no more than seven (7) pages to address the discovery obtained through the motion to compel, within one week of obtaining the discovery, and the other party may respond within one week thereafter.

Dated: August 18, 2026

Respectfully submitted,

By: _/s/ Blair M. Jacobs by permission Garrett C. Parish_

Blair M. Jacobs (Lead Attorney)
D.C. Bar No. 471024
bjacobs@bsfllp.com
Christina A. Ondrick
D.C. Bar No. 494625
condrick@bsfllp.com
John S. Holley
Texas Bar No. 24078678
jholley@bsfllp.com
John Wittenzellner
Pennsylvania Bar No. 308996
jwittenzellner@bsffllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. N.W.
Washington D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 202 237 6131

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Claire A. Henry
Texas Bar No. 24053063
claire@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway Longview,
Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff PulseLink Systems, LLC*

By: _/s/ Benjamin Hershkowitz by permission Garrett C. Parish_

Benjamin Hershkowitz (Lead Attorney)
Josh A. Krevitt
Katherine Dominguez
Allen Kathir
Sung Bin Lee
Vivian Lu
Vania Wang
**GIBSON, DUNN & CRUTCHER LLP**
New York Bar No. 2600559
200 Park Ave
New York, NY 10166
(212) 351-2410
bhershkowitz@gibsondunn.com

Brian M. Buroker
**GIBSON, DUNN & CRUTCHER LLP**
1700 M St NW
Washington, DC 20036
(202) 955-8541
bburoker@gibsondunn.com

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendant Zoom Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 18, 2026. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Garrett C. Parish*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned hereby certifies that counsel for Plaintiff has met and conferred with counsel for Defendant. This motion is joint and is, therefore, unopposed.

*/s/ Garrett C. Parish*