**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PULSELINK SYSTEMS, LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:26-CV-00343-JRG-RSP |
| ZOOM COMMUNICATIONS, INC., | § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is the parties' Joint Motion for Leave to Conduct Venue Discovery and Extend Briefing Deadlines. **Dkt. No. 48**. Having considered the Motion, and noting its joint nature, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is

**ORDERED** that the parties have leave to conduct a limited, expedited venue discovery in the above-captioned case regarding Zoom's Motion to Dismiss or, in the Alternative, Transfer Venue to the Northern District of California (Dkt. No. 30) as follows:

1. Venue-related discovery shall be limited to the venue and transfer topics, including the issues raised in Zoom's Motion to Dismiss or Transfer and accompanying declarations and exhibits.
2. Any venue-related discovery propounded by PulseLink shall be completed within seventy (70) days of the issuance of an Order permitting venue-related discovery.
3. Within seven (7) days of the issuance of an Order permitting venue-related discovery, PulseLink shall serve all venue-related interrogatories and document requests. PulseLink may serve up to six (6) interrogatories and six (6) requests for production.
4. Zoom shall respond to PulseLink's discovery requests and produce responsive documents within fourteen (14) days of service of the requests. Zoom agrees to make a deponent available within twenty-one (21) days of any request by PulseLink.

5. PulseLink may take up to fourteen (14) hours of depositions, including under Rules 30(b)(1), 30(b)(6) and/or 45. Subject to that cap, PulseLink may notice the individual depositions of the declarants Zoom relied on for its motion to dismiss (i.e., Josh Elmore, Hubert Hu, and Kristen Marie Robins) and may serve up to three (3) other deposition notices or subpoenas, no more than one (1) of which may be a Rule 30(b)(6) deposition notice to Zoom, and which may include subpoenas to third-party witnesses concerning venue discovery (a notice and any accompanying subpoena for the same deposition will count as one). The examination of a witness in both an individual and a 30(b)(6) capacity will proceed as a single deposition, and any third-party depositions will proceed in accordance with Federal Rule of Civil Procedure 45.
6. For the avoidance of doubt, the discovery requests must be narrowly tailored to concern venue-related issues and may not solely concern merits-related issues, such as infringement (i.e., the functionality of the accused products), validity, or damages. Venue-related discovery shall not include email or other electronic correspondence.
7. The foregoing venue-related discovery shall not count toward the discovery limits set forth in the Court's forthcoming Discovery Order for this case, nor shall venue-related discovery affect the timing of non-venue-related discovery.
8. Until the Court enters a Protective Order in this case, any confidential venue-related discovery produced may be designated as "Confidential – Outside Attorneys' Eyes Only," such that disclosure of such discovery shall be limited to the receiving party's outside attorneys of record and the employees of the receiving party's outside attorneys of record.
9. Nothing in this Order shall be deemed a waiver of any party's objections.

10. PulseLink's response to Zoom's Motion to Dismiss or Transfer shall be filed within fourteen (14) days after the close of its venue discovery. If at any point PulseLink submits declarations in support of its response, Zoom shall have up to twenty-one (21) days thereafter to conduct a two-hour deposition of each declarant upon which PulseLink relies. Zoom shall file its reply within fourteen (14) days of completion of the foregoing venue discovery. If Zoom elects not to conduct venue discovery, Zoom's reply in support of its Motion shall be filed within fourteen (14) days of the service of PulseLink's response. PulseLink's surreply shall be filed within fourteen (14) days of the service of Zoom's reply.

11. Any motion to compel brought by PulseLink shall be filed within seven (7) days of the close of PulseLink's seventy (70) day venue discovery period, which commences after the venue discovery Order is entered. Any motion to compel brought by Zoom shall be filed within seven (7) days of the close of Zoom's twenty-one (21) day venue discovery period, which commences after PulseLink files a response that relies on any declarations. The filing of a motion to compel shall not stay any of the briefing deadlines, absent agreement. However, should a party prevail on a motion to compel, that party shall be permitted to file a supplemental brief of no more than seven (7) pages to address the discovery obtained through the motion to compel, within one week of obtaining the discovery, and the other party may respond within one week thereafter.

**SIGNED this 23rd day of August, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE